LOWMAN, EX PARTE.

APPEAL:    *Order of Circuit Court rejecting collector's bond.*

The order of a Circuit Court rejecting a collector's bond when presented for approval is final and subject to appeal to the Supreme Court.

APPEAL from *Desha* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*L. A. Pindall* for appellant.

The approval of official bonds are judicial proceedings (*Oliver v. Martin, 36 Ark., 143*), and within the supervisory jurisdiction of this court. *Sec. 4, art. 7, Constitution.*

There is now no sheriff in Desha County. *Constitution, art. 7, sec. 50; Callaway v. Miller, 32 Ark., 666.*

The act of 1877, page sixteen, session acts, is unconstitutional so far as it attempts to confer power of the appointment of elective officers on the executive, at least, if parties can delay the qualification of officers elected to fill vacancies, by not extraordinary delays of the law. The *pro tempore* appointment authorized by that act, can be unconstitutionally extended to the whole unexpired term.

The sole question before the court is the sufficiency of this bond. *Woodruff County v. Bosely, 28 Ark., 306.*

An officer should be required to give a good bond, but should not be subject to such excessive caution as to defeat the policy of the law. The power of the courts to reject bonds must be confined to such reasonable bounds as will not defeat the right of the people to elect officers.

The act of 1874, page 192, makes the affidavits evidence of the solvency of the sureties, and where the sureties justify in a sufficient amount, until their affidavits are traversed, they will be taken as true. In this case the aggregate value of the sureties' property is over the amount of the bond, and this is all the law requires. No citizen or taxpayer made objections to its sufficiency, and no issue was made as to its sufficiency.

The non-residents of the county were shown to be men of means, and are bound by the bond. *29 Ark., 127; 38 Ark., 72.*

EAKIN, J. Lowman, at a special election to fill a vacancy, was elected sheriff of Desha County, on the eleventh of February, 1884, and received a commission from the Governor the twenty-ninth of March, 1884.

On the eleventh of April he presented his bond to the Circuit Court of Desha County for approval; exhibited his commission; moved the court to approve the bond, and to administer to him the oath of office. The court of its own motion referred the bond to the prosecuting attorney, who next day returned it, with the indorsement that he considered it insufficient.

Upon hearing, the court adjudged the sureties insufficient, and refused to approve the bond, ordering the appellant to furnish an additional bond in fifteen days. He excepted, took a bill of exceptions and appealed.

It is sufficient to say, of the proof, that it shows by the oaths of the several proper sureties, and by other evidence taken, that the bond was good for the amount required, to wit, the sum of ten thousand dollars. Besides these proper sureties, there were others, non-residents of the county, who, being liable at common law, corroborated the security given by the solvency, and proof of the sufficient means of the residents.

The indorsements of the prosecuting attorney, as a matter of practice, is unobjectionable for the purpose of inducing closer examination, and making a *quasi* issue, but it is in no sense evidential of insufficiency of the bond. The record discloses no ground upon which the court could doubt the sufficiency of the bond.

The order of the court is final so as to be the subject of appeal. Nothing further remains by the court to be done to settle the matter.

If the bond is not given in fifteen days, by force of the order itself, and by law, the office becomes vacant. *Sec. 1 of act of March 1, 1875, p. 192, Pamph. Acts.*

The action of the court in rejecting the bond partakes of a judicial nature, and is subject to revision here. See *Oliver v. Martin, 36 Arkansas, 134,* which was a case arising under the same statute, to which reference is here made to avoid repetition.

The power vested in the Circuit Courts to approve or reject these bonds is not an arbitrary one. It is discretionary, but it must be exercised with a sound, reasonable discretion. It is a discretion which may, in good or in bad faith, be abused, and is subject to control. Otherwise the circuit judge might come to assume the power to annul the commissions of all county officers in his district at his pleasure. The Legislature did not certainly contemplate this.

The offices are very important to the public. They involve large pecuniary responsibilities, which the Legislature has been careful to secure by very stringent provisions with regard to the amounts of bonds and the justification of sureties. On the other hand, it is apparent with regard to some of these offices, like that of collector, for instance, that if the amounts be too large, or the means of sureties be required to be much in excess of the penalties, and if they be required, as they are, to be all residents, it would be often impossible for the most efficient men to give bonds at all, and the evil would be increased if the circuit judges should arbitrarily fix in their own breasts conditions of approval not required by law.

If the bond should not be approved, where the oaths of the sureties and the proof in the case show without any conflict of testimony that the bond fulfills all the requirements of the statute, and where there is no proof nor intimation of any other objection to it, we can not say that the circuit judge has acted with a sound discretion. That would be to abnegate the supervisory power of the court.

If there be any objection to the bond it should have been in some way shown, after it had been made by the proof indubitably good.

Reverse the action of the court in refusing to approve the bond, and remand the cause, with instructions to the court, if in session, to approve it, or to the circuit judge to do so, if it be in vacation, and for further proceedings in accordance with law and this opinion.